UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM MARTIN ARDENE DECORY,<br><br>Plaintiff,<br><br>vs.<br><br>AXXS, PATEL SERVICE, LLC,<br><br>Defendants. | 5:26-CV-05113-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff is a state court pretrial detainee at the Pennington County, South Dakota, Jail. He has filed a complaint, ostensibly pursuant to 28 U.S.C. § 2254, seeking damages arising out of, *inter alia*, the diet provided at the Jail. Plaintiff is not pursuing a writ of habeas corpus pursuant to § 2254. His case is properly construed as a civil rights complaint pursuant to 42 U.S.C. § 1983.

Plaintiff filed a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. 28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without the prepayment of the filing fee. However, other than in criminal cases, "[a]n *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987).

In an effort to curb the flood of non-meritorious claims filed by prisoners, Congress passed the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, to "filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 203-04, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007). The PLRA introduced a three-strikes rule which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

> an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "In other words, for most three strikers, all future filing fees become payable in full upfront." Bruce v. Samuels, 577 U.S. 82, 86, 136 S.Ct. 627, 630, 193 L.Ed.2d 496 (2016).

Plaintiff is a barred filer under 28 U.S.C. § 1915(g). He has, on at least three other occasions, filed a civil action which was dismissed for failure to state a claim upon which relief may be granted: 5:23-CV-05015-CBK (1st strike), 5:23-CV-05052-CBK (2nd strike), and 5:23-CV-05062-CBK (3rd strike). All the foregoing cases involved the same plaintiff with the same prisoner identification number on the Prisoner Trust Account Report as set forth in the present case. Plaintiff has not alleged that he is under imminent danger of serious physical injury. Plaintiff cannot proceed in this matter unless he pays the full civil filing fee.

Now, therefore,

IT IS ORDERED:

1. The motion, Doc. 3, to proceed *in forma pauperis* is denied.

2. Plaintiff shall pay the filing fee on or before 30 days from the date of this order. Failure to do so will subject this matter to dismissal for failure to prosecute without further notice.

DATED this 1st day of October, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge